UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:14-cv-942 |
| | § | |
| ALL FUNDS ON DEPOSIT AT SUN | § | |
| SECURED ADVANTAGE, ACCOUNT | § | |
| NUMBER: *3748 HELD AT THE BANK | § | |
| OF NT BUTTERFIELD & SON LTD. IN | § | |
| BERMUDA | § | |
| | § | |
| and | § | |
| | § | |
| 57 CREEKBEND DRIVE | § | |
| BROWNSVILLE, TEXAS 78521 | § | |

## CLAIMANT'S ORIGINAL ANSWER TO VERIFIED COMPLAINT FOR CIVIL FORFEITURE IN REM AND NOTICE TO POTENTIAL CLAIMANTS

CLAIMANT, Erick Agustin Silva Santos, file this, his original answer to Plaintiff United States of America's verified complaint, with respect to the above-styled defendant property of all funds on deposit at Sun Secured Advantage, Account Number *3748 held at the bank of NT Butterfield & Son, LTD. In Bermuda ("Bermuda Defendant Property") and at 57 Creekbend Drive ("Creekbend Defendant Property"), as follows:

### A.
### ADMISSIONS AND DENIALS

1.   Claimant asserts that the allegation in Paragraph 1 of the Complaint states conclusions of law to which no response is required. To the extent that Paragraph 1 may be read to make allegations of fact against the Claimant, those allegations are denied.

2. Claimant admits Bermuda Defendant Property and Creekbend Defendant Property as described in Paragraph 2 are accurate.

3. Claimant asserts that the allegation in Paragraph 3 of the Complaint states conclusions of law to which no response is required. To the extent that Paragraph 3 may be read to make allegations of fact against the Claimant, those allegations are denied.

4. Claimant admits the allegations in Paragraph 4 of the Complaint.

5. Claimant denies that account number *3501 at JP Morgan Chase Bank increased because of deposits and transfers of (1) misappropriated campaign contributions, (2) unlawful kickbacks from municipal contracts, and (3) unlawful proceeds from the approval of false invoices, but admits to the remaining allegations in Paragraph 5. To the extent that Paragraph 5 may be read to make allegations of fact against the Claimant, those allegations are denied.

6. Claimant admits the allegations in Paragraph 6 of the Complaint. To the extent Paragraph 6 may be read to make allegations of fact against the Claimant, those allegations are denied.

7. Claimant admits that he received campaign contributions. However, Claimant denies that he used these funds for his personal benefit. To the extent Paragraph 7 may be read to make allegations of fact against the Claimant, those allegations are denied.

8. Claimant denies the allegations in Paragraph 8 of the Complaint.

9. Claimant denies the allegations in Paragraph 9 of the Complaint.

10. Claimant denies the allegations in Paragraph 10 of the Complaint.

11. Claimant admits to the activity described in Paragraph 11. However, claimant argues the amount deposited on January 15, 2009 for $120,523 and the claim over this money is

barred by the statute of limitations pursuant to 28 U.S.C. §2462. To the extent that Paragraph 11 may be read to make allegations of fact against the Claimant, those allegations are denied.

12. Claimant admits the allegations in Paragraph 12. However, claimant argues the amount listed in Paragraph 12 and the claim over this money is barred by the statute of limitations pursuant to 28 U.S.C. §2462. To the extent that Paragraph 12 may be read to make allegations of fact against the Claimant, those allegations are denied.

13. Claimant denies the allegation in Paragraph 13.

14. Claimant admits the allegations in Paragraph 14. To the extent that Paragraph 14 may be read to make allegations of fact against the Claimant, those allegations are denied.

15. Claimant admits the allegations in Paragraph 15. However, claimant argues that the United States' claim over this money is barred by the statute of limitations pursuant to 28 U.S.C. §2462. To the extent that Paragraph 15 may be read to make allegations of fact against the Claimant, those allegations are denied.

16. Claimant admits the allegations in Paragraph 16. However, claimant argues that the United States' claim over this money is barred by the statute of limitations pursuant to 28 U.S.C. §2462. To the extent that Paragraph 16 may be read to make allegations of fact against the Claimant, those allegations are denied.

17. Claimant admits the allegations in Paragraph 17. To the extent that Paragraph 17 may be read to make allegations of fact against the Claimant, those allegations are denied.

18. Claimant denies the allegations in Paragraph 18.

19. Claimant asserts that the allegation in Paragraph 19 of the Complaint states conclusions of law to which no response is required. To the extent that Paragraph 19 may be read to make allegations of fact against the Claimant, those allegations are denied.

20. Claimant denies Defendant Properties are subject to forfeiture.

## B.
## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff claims that Claimants violated 18 U.S.C. § 1956, 1957, which subjected the defendant property to this civil forfeiture pursuant to 18 U.S.C. § 981 (a)(1)(A), 18 U.S.C. § 981 (a)(1)(B)and 18 U.S.C. § 981 (a)(1)(C), is a claim upon which relief cannot be granted because the Claimant did not engage in unlawful activity, did not profit from proceeds traceable to specified unlawful activity, nor did Claimant partake in a conspiracy to commit such offense.

### SECOND AFFIRMATIVE DEFENSE

Claimant acted in good faith at all times relevant to the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped from pursuing this civil forfeiture action because it has failed to conduct an adequate investigation into the facts alleged in its Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Claimant, as an innocent owner, did not know, or have reason to know, that defendant property was being employed in illegal activity or was likely to be employed in illegal activity.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's seizure of the defendant property violates the Claimant's Fourth Amendment right to be free from illegal searches and seizures.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from obtaining a forfeiture judgment because it obtained the seizure warrant through incorrect, misleading or incomplete allegations.

## SEVENTH AFFIRMATIVE DEFENSE

All or parts of Plaintiff's claims are barred by statute of limitations pursuant to 28 U.S.C. § 2462.

## EIGTH AFFIRMATIVE DEFENSE

Claimant asserts that this forfeiture is grossly disproportionate to the alleged offense in violation of the Excessive Fines Clause of the 8th Amendment.

## NINTH AFFIRMATIVE DEFENSE

Claimant asserts any avoidance or affirmative defense applicable to the instant cause.

## RESERVATION OF RIGHTS

Claimant reserves the right to assert additional affirmative defenses or amend these affirmative defenses, this Answer, or assert any applicable counter-claims as discovery warrants.

## C.
## CLAIMANT'S DEMAND FOR JURY TRIAL

Claimant hereby asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## D.
## PRAYER

WHEREFORE, Claimant prays for judgment as follows:

1. That the Court dismiss all claims raised by Plaintiff in this matter;

2. That Plaintiff take nothing by reason of this suit;

3. For an award of costs and reasonable attorney's fees; and

4. For such other and further relief, both legal and equitable, as the Court may deem proper and just.

Respectfully submitted,

**LAW OFFICE OF BENIGNO (TREY) MARTINEZ, PLLC**
1201 East Van Buren
Brownsville, Texas 78520
Tel: 956-550-4868
Fax: 956-621-0135

By: /s/ Benigno (Trey) Martinez
BENIGNO (TREY) MARTINEZ
State Bar No. 00797011
Federal ID No. 23945
E-mail: trey@mbymlaw.com

TOMAS F. TIJERINA
State Bar No. 24070746
Federal ID No. 1062166
E-mail: tomas@mbymlaw.com

**ATTORNEYS FOR CLAIMANT
ERICK AGUSTIN SILVA SANTOS**

## CERTIFICATE OF SERVICE

Service of this document has been accomplished via notice of electronic filing generated by the Court's electronic filing system. In addition, I certify that a true and correct copy of this document will be sent on the 4th day of February, 2015 to the following parties:

| | |
|---|---|
| Christopher Sully<br>Jesse Salazar<br>Assistant United States Attorney<br>1701 W. Highway 83, Suite 600<br>McAllen, Texas 78501<br>(956) 618-8010 – Ph. | _____ Regular Mail<br>\_\_\_X\_\_\_ Certified Mail, RRR<br>_____ Hand Delivery<br>_____ Facsimile<br>\_\_\_X\_\_\_ Electronic Mail |

/s/ Benigno (Trey) Martinez
Benigno (Trey) Martinez