Case 7:14-cv-00942   Document 65   Filed on 08/03/16 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
August 04, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:14-CV-942 |
| | § | |
| ALL FUNDS ON DEPOSIT AT SUN | § | |
| SECURED ADVANTAGE, ACCOUNT | § | |
| NO. *3748, | § | |
| | § | |
| Defendant. | § | |

## FINAL DEFAULT JUDGMENT AND ORDER OF FORFEITURE

Now before the Court is Plaintiff United States of America's Motion for Entry of Default Judgment of Forfeiture as to **All Funds on Deposit at Sun Secured Advantage, Account Number 26-2673-033748, held at the Bank of NT Butterfield & Son LTD in Bermuda** ("Funds"). (Dkt. No. 59). Upon review of the Motion and response (Dkt. No. 61), and for the reasons set forth in the Court's prior orders (Dkt. Nos. 33, 58, 62), the Court finds as follows:

1. On November 10, 2014, Plaintiff filed a Verified Complaint for Civil Forfeiture in Rem as to (1) the Funds and (2) real property and improvements located at 57 Creekbend Drive, Brownsville, Texas 78521 ("Real Property"), pursuant to 18 U.S.C. § 981(a)(1)(A), (B), and (C). (Dkt. No. 1). On March 4, 2016, Plaintiff filed its Verified Amended Complaint for Civil Forfeiture, identifying the underlying Mexican law violations committed by Erick Agustin Silva Santos ("Silva") that would authorize civil forfeiture under 18 U.S.C. § 981(a)(1)(A), (B), and (C). (Dkt. No. 51 at ¶ 19).

2. This Court has subject-matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1345 and 1355(b). The Court has *in rem* jurisdiction over the Funds under 28 U.S.C. §§ 1355(b) and 1395(b). (Dkt. No. 51 at ¶ 3).

3. Venue is proper in this District under 28 U.S.C. § 1355(b) because the conduct giving rise to the forfeiture of the Funds occurred in part in the Southern District of Texas. (Dkt. No. 51 at ¶¶ 6-17).

4. Public notice of the commencement and nature of this proceeding was published by posting notice of this action on an official government forfeiture site for at least 30 days, beginning on December 3, 2014, pursuant to Supplemental Rule G(4)(a). (Dkt. No. 6, Attachment 1); *see* FED. R. CIV. P. SUPP. R. G(4)(a).

5. Plaintiff sent notice to the known potential claimants, Silva and Maria Castaneda Torres, pursuant to Supplemental Rule G(4)(b). *See* FED. R. CIV. P. SUPP. R. G(4)(b). Both filed their respective Claims and Answers. (Dkt. Nos. 10-14).

6. No other claim or answer has been filed, and the time for filing has expired.

7. On December 1, 2015, this Court issued an order finding Silva to be a fugitive disentitled to relief in this forfeiture action, and struck his Claims, Answer, and Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). (Dkt. No. 33). On May 26, 2016, the Court denied Silva's motion to reconsider this finding. (Dkt. No. 58).

8. Castaneda Torres's Claim and Answer were made only as to the Defendant Real Property. (Dkt. Nos. 12, 14). On April 4, 2016, the Court granted the motion of Plaintiff and non-suited without prejudice the forfeiture action against the Real Property. (Dkt. No. 56).

9. In the absence of a claim to the remaining Defendant Funds, the Clerk of Court has entered default against the Funds, and against any known or unknown potential claimant to

the Funds.  *See* (Dkt. No. 64); FED. R. CIV. P. 55(a).

10. The allegations in Plaintiff's Verified Amended Complaint, which are admitted, *see* FED. R. CIV. P. 8(b)(6), state sufficiently detailed facts to support a reasonable belief that Plaintiff will be able to meet its burden of proof at trial.  *See* FED. R. CIV. P. SUPP. R. G(2)(f); 18 U.S.C. § 983(c)(1) (government has burden of proof to establish, by a preponderance of the evidence, that property is subject to forfeiture).  In sum, Plaintiff has sufficiently alleged that the Funds are forfeitable under 18 U.S.C. § 981(a)(1)(A), (B), and (C) because they were acquired by Silva through kickbacks and the improper award and false invoicing of municipal contracts, while he was mayor of Matamoros, Tamaulipas, Mexico, and were then transferred through U.S. banks to the Bermuda bank account in violation of 18 U.S.C. § 1956.  (Dkt. No. 51 at ¶¶ 4-19; Dkt. No. 62 at § II).

11. This forfeiture action commenced within the statute of limitations set forth in 19 U.S.C. § 1621.  (Dkt. No. 62 at § III).

Based on the findings above, the Court hereby **ORDERS** that Plaintiff's Motion for a final Default Judgment and Order of Forfeiture is **GRANTED** and the Funds shall be forfeited to Plaintiff.  *See* FED. R. CIV. P. 55(b).

This is a final judgment.

SO ORDERED this 3rd day of August, 2016, at McAllen, Texas.

_____
Randy Crane
United States District Judge