UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MC ALLEN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO:  7:14-CV-00942 |
| | ) | |
| Plaintiff, | ) | CIVIL |
| | ) | |
| vs. | ) | McAllen, Texas |
| | ) | |
| ALL FUNDS ON DEPOSIT | ) | Friday, March 11, 2016 |
| AT SUN SECURED ADVANTAGE, | ) | |
| ACCOUNT NO. *3748, ET AL., | ) | (9:51 a.m. to 10:08 a.m.) |
| | ) | |
| Defendants. | ) | |


HEARING

BEFORE THE HONORABLE RANDY CRANE,
UNITED STATES DISTRICT JUDGE


APPEARANCES:

For United States:          MARY ELLEN SMYTH, ESQ.
                            Office of the U.S. Attorney
                            1100 Matamoros, 2nd Floor
                            Laredo, TX 78040


For Defendants:             BENIGNO TREY MARTINEZ, III, ESQ.
                            Martinez Barrera Martinez
                            1201 E. Van Buren St.
                            Brownsville, TX 78520


Court Recorder:             Rick Rodriguez

Transcribed By:             Exceptional Reporting Services, Inc.
                            P.O. Box 18668
                            Corpus Christi, Texas 78480-8668
                            361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1      **McAllen, Texas; Friday, March 11, 2016; 9:51 a.m.**

2                        **(Call to Order)**

3            **THE COURT:**  All right.  So next is -- let's move on

4      to 14-CV-942:  *United States versus All Funds on Deposit at Sun*

5      *Secured Advantage, et al.*

6            If I can get announcements for who is here.

7            **MS. SMYTH:**  Mary Ellen Smyth for the government, your

8      Honor, and Mr. Salazar is also present for the government.

9            **MR. MARTINEZ:**  Your Honor, Trey Martinez and Bobby

10     Joe Yzaguirre (phonetic) on behalf of the claimants.

11           **THE COURT:**  All right.  So you filed a motion for

12     reconsideration and sort of putting some things in the record.

13     I assume that's just to I guess help the case if I rule against

14     you, help with the appeal, but again I read everything that you

15     filed and I'm still convinced that his failure to show up

16     across the hallway to answer to his indictment that he's a

17     fugitive disentitles him to make the claim here and I guess it

18     doesn't really matter that he's not being prosecuted in Mexico.

19     It wouldn't really matter again from the case I read that he

20     was prosecuted and exonerated in Mexico.  That wouldn't really

21     matter either.  I know you put a lot of stuff in the record

22     about his innocence but he has that opportunity to fight that

23     here across the hall.

24           **MR. MARTINEZ:**  And Judge, just for purposes of the

25     record and for the Court, you know, I just want to make sure

1   that the Court is kind of aware of the timeline of this case.

2   This case got filed in November of 2014.  We all agreed to stay

3   this to see if there's something that we could try and work

4   out.

5           THE COURT:  Work out, sure.

6           MR. MARTINEZ:  And then when we couldn't do that we

7   moved forward.  We sent out discovery.  Maybe five days before

8   discovery was due Ms. Smyth called me and she asked for an

9   extension of two weeks.  Okay, and I agreed to give it to her

10  as we normally would and then within those two weeks I get a

11  motion to disentitle my client under the <u>Fugitive</u>

12  <u>Disentitlement Act</u> without any discovery, and so I have a -- my

13  biggest issue is we have not one piece of evidence, not one

14  piece of evidence, in regards to either the civil claim, the

15  criminal claim, anything.  Okay, and we have moved forward in

16  the civil claim, and so my biggest issue here is we were about

17  to get some evidence and then all of a sudden we said, "No.  We

18  agreed to a two week extension," and then all of a sudden in

19  that two weeks I get this motion and then the next thing you

20  know I'm sitting back, I have no discovery and so I then said

21  to my client, okay, and I can understand it.  You get indicted

22  over here for something that you don't think you did -- I mean

23  if I got indicted in Mexico for something supposedly I did over

24  here, I'm not sure I'm going to show up in Mexico either.

25  Okay.

4

1          **THE COURT:**  I mean I understand the situation.

2          **MR. MARTINEZ:**  But I am going to want to see what

3    evidence they have and so when I sit back and I told my client,

4    "Give me some evidence so at least I can show the Court that

5    conclusively there's nothing -- there's" -- I can't go prove a

6    negative other than there's no investigation.  There's no

7    criminal indictment.  There's no conviction.  Everything that

8    he did during this term has been approved by the Mexican

9    government and so we put that before the Court and for the

10   record.  Okay, and I still don't have one piece of evidence

11   from the government and that's why I'm asking this Court -- I

12   understand the Court's ruling if in fact he's a fugitive with

13   evidence and something there but maybe the Court could

14   consider, "Listen, let me hold off on this ruling until some

15   discovery has been done," because I still have yet to have

16   anything from them.

17         **THE COURT:**  You're not getting stuff in the criminal

18   case?  They don't open --

19         **MR. MARTINEZ:**  Nothing.

20         **THE COURT:**  -- their file?  The U.S. attorney doesn't

21   open their file to you?

22         **MR. MARTINEZ:**  I've had not one piece of evidence and

23   it's been almost two years and I've asked for it, witnesses,

24   I've asked for everything.

25         **THE COURT:**  Isn't his wife also a claimant here?

1        **MR. MARTINEZ:**  She is.

2        **THE COURT:**  Well, she's not -- she's not a fugitive

3   is she?

4        **MR. MARTINEZ:**  She's not a fugitive but --

5        **THE COURT:**   I mean why couldn't she continue to

6   pursue this and get discovery?

7        **MR. MARTINEZ:**  And she can and the Court has allowed

8   that and I know the Court has also said, "Listen, even though

9   he's disentitled as a fugitive they're still going to have to

10  come up with something in order to show that his claims

11  basically are unjust and that these are illicit proceeds and

12  there again."  So I understand the Court.  I'm not going to

13  issue a final judgment until you -- the government shows

14  something.  Okay.

15       **THE COURT:**  Right.

16       **MR. MARTINEZ:**  However, all I'm asking this Court to

17  do is to simply hold off on disentitling him.

18       **THE COURT:**  Okay.

19       **MR. MARTINEZ:**  Until we get some evidence we can --

20  now if the government comes up with evidence and I can sit back

21  and say, "You know, what, okay, they have something."  Well

22  then I see this Court's position saying, "Hey listen, they have

23  something here.  Now I'm going to disentitle you."  But until I

24  see anything, just anything, let me do a little discovery and

25  then we can address this motion.  That's all I'm asking the

1   Court to do.

2          **THE COURT:**  Well, I mean I don't have any problem not

3   ruling on your motion to reconsider quite yet because you're

4   going to get discovery anyway because you have the other

5   claimant.

6          **MR. MARTINEZ:**  That's all we're asking the Court to

7   do in this case.

8          **THE COURT:**  But I still -- I mean here logistically I

9   don't have a problem with that because again another party is

10  going to proceed anyway but I don't technically think that

11  you're necessarily entitled to that.

12         **MS. SMYTH:**  And that's --

13         **THE COURT:**  I think you'd just get cut off basically.

14         **MS. SMYTH:**  And that's the government's position,

15  your Honor.  I mean and for no other -- if aside case law and

16  the law aside what's to say that he sees the government's

17  evidence and he says, "Oh, there is no way on God's green earth

18  I'm ever showing back up into the United States because I am

19  for certain going to be convicted."  So it's one of those --

20  it's, you know -- and the government's not required to produce

21  any evidence before the Court disentitles somebody from looking

22  or making any kind of determination of the merits of a case and

23  arguably, you know, the complaint alleges that this is

24  sufficient facts for him to go back and do his own research.

25  The majority of the evidence that we -- that we talk about or

1    elude to in addition to his own bank statements is things that

2    were of record or things that occurred in Mexico and which are

3    actually more readily available to him.

4            **THE COURT:**  Being over there.

5            **MS. SMYTH:**  Not only that, but and again, I don't

6    want to get into the merits of the case because, you know,

7    that's not the whole -- we shouldn't be getting into the merits

8    of the case but from a practical standpoint if he claims that

9    the government's case is weak and if he has a defense to this

10   forfeiture action or the criminal action all the witnesses that

11   could testify on his behalf are in Mexico.  They're the people

12   that work for him.  They're the people that, you know, entered

13   into these contracts that the government talks about.  So those

14   things are available to him and so -- and again, I'm not here

15   to argue the merits of his defense or the merits of the

16   government's case because that's not the point.  The whole

17   premise of the fugitive disentitlement doctrine is to prevent

18   somebody from challenging at a -- and that's exactly what he's

19   doing.  If the Court will allow some discovery to go forward

20   even as to the wife's claim while he's sitting in Mexico he's

21   again allowing -- he's able to engage in this civil litigation,

22   able to engage in a criminal prosecution, from his safe haven

23   in Mexico which is exactly the purpose of the Fugitive

24   Disentitlement Doctrine and why it should apply in this

25   particular case and why it should be granted today.

1          Also, if the Court were to, you know, deny his motion

2    for reconsideration right now, we've also filed a -- and I

3    wanted to talk to the Court a little bit about this, this

4    motion for entry of judgment, final judgment, as to his

5    interests in the money.

6          Mr. Trey [sic], he can go and he can appeal that

7    right now.  He can appeal -- he can appeal the Court's order,

8    the final judgment.  He could take that up if he really thought

9    that he -- you know, that his client should not be a

10   disentitled fugitive, that all these things should be

11   considered, you know, even pending, you know, during the

12   pendency of the wife's claim.  His appeal could be ongoing.  We

13   could go forward and proceed with the wife's case against the

14   house and he gets the benefit of both worlds.  So there's no

15   reason for the Court.

16          **THE COURT:**  Well, twice the work I guess.

17          **MR. MARTINEZ:**  Yes.

18          **MS. SMYTH:**  Well, I mean that's why we're here.

19          **THE COURT:**  Yes, right, but again it's no additional

20   work just to -- for me to hold off on ruling on that.  I mean

21   Mr. Martinez can see how the Court's leaning here.  My belief

22   is that he's legally not entitled but -- but since there's

23   going to be discovery anyway I can hold off on that ruling and

24   I really don't know why you've sent me notice that you filed a

25   motion to dismiss on one of the counts in the criminal case

1   since there's multiple counts.

2         **MR. MARTINEZ:**  There are -- there are multiple

3   counts, Judge, and the motion to dismiss is based upon what

4   we're going to bring up in the criminal law but we --

5         **THE COURT:**  Okay.

6         **MR. MARTINEZ:**  I was -- I was advised that we need to

7   advise you --

8         **THE COURT:**  This court what's going on, sure.

9         **MR. MARTINEZ:**  -- the civil judge of the criminal

10  matter even though you're the criminal judge as well.  Okay, so

11  that's based upon some advice of appellate counsel.

12        **THE COURT:**  Okay, okay.

13        **MR. MARTINEZ:**  And it's not anything I'm going to

14  argue right now.

15        **THE COURT:**  Uh-huh.

16        **MR. MARTINEZ:**  Okay.

17        **THE COURT:**  All right.

18        **MR. MARTINEZ:**  But that's -- that's simply --

19        **THE COURT:**  So why haven't you-all conducted some

20  discovery on the wife's claim?

21        **MS. SMYTH:**  Well, because -- because we have a -- we

22  filed a protective order and the Court granted a stay pending

23  -- the last order from the Court where you disentitled Mr.

24  Silva you granted a stay until you ruled on the motion to

25  strike which you did and I guess now we have this pending.

1          **THE COURT:**  Yes.

2          **MS. SMYTH:**  So I haven't talked to Mr. Salazar yet.

3    We were -- we started the conversation last night about whether

4    we were going to ask again for a continued stay. He's got some

5    new developments in his criminal case that he was advising me

6    of and so we were going to talk about that after the hearing

7    today which again goes back to the Court's original, you know,

8    discovery will be ongoing as to the wife's claim but if we ask

9    for that protective -- or that stay or alternatively a

10   protective order there is going to be -- we have that issue

11   again about is he going to get the discovery that he needs

12   because we've got this other issue about -- about a motion for

13   stay because of the criminal case.  So at the end of the day

14   the easiest thing is for Mr. Silva just to show up and --

15         **THE COURT:**  Right.

16         **MS. SMYTH:**  -- and face the music in the criminal

17   case.

18         **MR. MARTINEZ:**  And again, Judge, if -- if I had the

19   Mexican government indicting me for something I did wholly over

20   here, based upon facts wholly over here, based upon stuff that

21   was wholly over here, I'm not sure I'm going to sit back and

22   say, "I'm going to go to Mexico and give myself up based upon

23   all these actions over here."

24         **THE COURT:**  Right, right, although -- yes.  I mean I

25   think even El Chapo has decided it's better to come here and

1   face the music than in Mexico.

2          All right.  So all right.  Well, I'm going to hold

3   off a little bit then on entering that order because you're

4   telling me you're going to commence discovery anyway.  I don't

5   really know that it matters.  I mean how long --

6          **MR. MARTINEZ:**  It may not, Judge.

7          **THE COURT:**  -- how long do I hold off on entering the

8   order.  It's -- I mean --

9          **MS. SMYTH:**  Are we -- which order?  Are you talking

10  about the final order or --

11         **THE COURT:**  My order denying his motion to

12  reconsider.

13         **MS. SMYTH:**  Oh.

14         **THE COURT:**  I mean I've drafted it so --

15         **MR. MARTINEZ:**  Well, it'd be -- it'd be -- right.

16         **THE COURT:**  -- but it's going to take me a little

17  while to finish up crossing the t's and dotting the i's anyway

18  but --

19         **MR. SALAZAR:**  Judge, if I may, the discovery that

20  he's seeking may not be found going forward on the house and

21  the wife's situation.  She is not a criminal defendant and,

22  therefore, the allegations that are in the criminal case are

23  far more expanding.  There may be some things that --

24         **THE COURT:**  But there's got to be some evidence.

25         **MR. SALAZAR:**  Right.  There may be some but --

1          **THE COURT:**  The proceeds were used to purchase this

2  home.

3          **MR. SALAZAR:**  -- the main jest of everything is

4  separate.

5          **THE COURT:**  I mean she has a community property

6  interest or some interest in this home.

7          **MR. MARTINEZ:**  The home is under her name.

8          **MS. SMYTH:**  It's under her name.  It was a gift.

9          **MR. MARTINEZ:**  Okay, and you're exactly right, Judge.

10  It's all based upon the same facts.

11          **THE COURT:**  Sure.

12          **MR. MARTINEZ:**  So I need that discovery so I can sit

13  back and again this is what I'm hearing.

14          **THE COURT:**  Right.

15          **MR. MARTINEZ:**  If they don't have it then let me know

16  they don't have it.

17          **THE COURT:**  I assume the prosecutor has a file that

18  you're welcome to go look at.

19          **MR. SALAZAR:**  We do, your Honor.

20          **MR. MARTINEZ:**  I haven't been able to.

21          **MR. SALAZAR:**  But we're not going to open that file

22  to the fugitive.

23          **THE COURT:**  To the civil --

24          **MR. SALAZAR:**  To a --

25          **THE COURT:**  Well, he's represented in that case.

13

1              **MR. SALAZAR:**  Right, Judge.

2              **THE COURT:**  Who's his lawyer?

3              **MR. MARTINEZ:**  Myself and Mr. Padilla.

4              **THE COURT:**  Okay, in the criminal case?

5              **MR. MARTINEZ:**  In the criminal and the civil.

6              **THE COURT:**  So why as a fugitive you can't go in and

7    look at the evidence against the person?

8              **MS. SMYTH:**  Not until they're arrested.

9              **MR. SALAZAR:**  Right.  Right, Judge.

10             **MS. SMYTH:**  Not until they're arrested.

11             **THE COURT:**  Huh?

12             **MR. MARTINEZ:**  And that's -- when I was practicing in

13   the U.S. attorney's office that was not my position.  You know

14   I want to show somebody, "Hey, this is why I'm indicting you.

15   This is why I'm taking away your stuff."

16             **THE COURT:**  Yes, but then --

17             **MR. MARTINEZ:**  When does the -- when does the burden

18   shift over to the defendant to sit back and say, "Give me all

19   these documents so I can go and show the Court that I'm

20   innocent of all this stuff" when I have not one piece of

21   evidence.  That's the issue that I have here.

22             **MR. SALAZAR:**  Policies change in the Department of

23   Justice.  New U.S. attorneys come into play.

24             **MR. MARTINEZ:**  And I agree with that.

25             **MR. SALAZAR:**  What I would hate, Judge, is -- and it

1   don't necessarily represent what we would do individually and

2   we're not trying to hide anything from defense counsel but I

3   would hate for us to be here, Judge in a few months and be

4   hearing the same arguments because he didn't get entirely

5   everything that he's trying to get to then go back to Mr. Silva

6   and tell him, "This is what they have against you" and so

7   that's the only reason that I point out that going forward on

8   the wife's civil case and showing the discovery in that case

9   may not be adequate to give him everything that he needs in the

10  civil portion of it and I would hate for us to be back here in

11  a few months, Judge, and have to be relitigating this and

12  making the same arguments.

13          **THE COURT:**  What is it you would give the wife?

14          **MR. SALAZAR:**  Judge, there were some wire transfers

15  or there were some money transfers that came to her.  She came

16  into the United States.  She closed on the house and there

17  would be some documents showing that she had no income and that

18  there are immigration documents.  There may be some reports as

19  to interviews that agents did with different folks at banks

20  relative to the wife and that house and forgive me if I -- if

21  I'm leaving anything out.  The case agent is here but again the

22  schemes that are alleged against Mr. Silva far surpass any of

23  this.

24          **MR. MARTINEZ:**  But it would all have to be based upon

25  the same illegal acts, either illegal funds, right?  And so if

1    they're using illegal funds, supposedly, allegedly to purchase

2    this house they would have to have the same discovery given to

3    me.  That's the thing.  They can't sit back and say, "She

4    bought a house.  Therefore, I'm going to take it."  That's not

5    the way it works here.

6            THE COURT:  Well, I thought you said it was a gift

7    so.

8            MR. MARTINEZ:  They still have to prove that it comes

9    from illicit funds.

10           THE COURT:  Well, not necessarily.  I mean if the

11   person that who gifted it to them by default has no claim to it

12   she's not a bona fide purchaser.

13           MS. SMYTH:  She's not a bona fide purchaser.

14           MR. MARTINEZ:  Well, he also -- he also has a claim

15   to it as well.

16           THE COURT:  Right, except he's got to be here to

17   assert that.

18           MR. MARTINEZ:  I understand that.

19           THE COURT:  You can't be a fugitive and make a claim

20   to it is what our law says but --

21           MS. SMYTH:  I will --

22           THE COURT:  -- I feel like I'm starting to police

23   discovery fights which I don't want to do.  I mean again I'm

24   willing to give two months for your --

25           MR. MARTINEZ:  For my motions.

1    **THE COURT:**  Yes, to rule on your motions so that you

2  can -- your -- the wife can do her discovery.  She may get

3  nothing is what I'm being told or she's going to get very

4  little but I don't want to be the one who decides what she gets

5  and what she doesn't get.  I'm going to give you two months

6  where she can do her discovery and then I'll enter an order and

7  if you feel like they're not giving you what she's owed then,

8  you know, you can file a motion or something but this way it

9  doesn't hurt anybody for me to hold off on ruling on that.

10    **MR. MARTINEZ:**  And how --

11    **THE COURT:**  And you don't have to appeal it yet.

12    **MR. MARTINEZ:**  I'm sorry.

13    **MS. SMYTH:**  Well, I haven't talked to Mr. Salazar

14  about this but I have talked about it with some of my

15  colleagues in the forfeiture unit and this house is identified

16  in the criminal indictment.  It's noticed for forfeiture in the

17  criminal indictment.  There is -- the extradition packet for

18  Mr. Silva is being prepared and it's my inclination quite

19  frankly, your Honor, to nonsuit as to the house.  If the Court

20  were to grant the final judgment as to the monies, you know,

21  Mr. Silva is a disentitled fugitive.  There was no claim.

22  There are no other parties before this Court.  We would be

23  asking for a final judgment.  We would nonsuit against the

24  house.  That ends anything in this particular case and it can

25  all be litigated in the criminal case once he's brought over

17

1    and I quite frankly think that is --

2              THE COURT:  It sounds like a good deal.

3              MS. SMYTH:  -- and Mr. Salazar may disagree with me

4    -- but I quite frankly think that that would be --

5              THE COURT:  That sounds like a good deal. Your wife

6    --

7              MR. SALAZAR:  I agree with you.  I agree with you.

8              MS. SMYTH:  -- that would be the most judicious thing

9    to do in this particular case.

10             THE COURT:  Sure and efficient.  Sounds like a good

11   deal.

12             MR. MARTINEZ:  Can I talk to my client?

13             THE COURT:  You going to call him in Mexico?

14             MR. MARTINEZ:  I've got to call her.

15             THE COURT:  Oh, the other client.

16             MR. MARTINEZ:  The other client.

17             THE COURT:  Sure.  Why don't you-all take a moment?

18             MR. MARTINEZ:  Well, I'm not sure I can contact her

19   right now.

20             THE COURT:  Okay.

21             MR. MARTINEZ:  Can I have until Monday or Tuesday.

22             THE COURT:  Yes.

23             MR. MARTINEZ:  Actually I'm in -- Tuesday of next

24   week because I'm getting ready for depositions in another case.

25             THE COURT:  All right.  So I'll give you a week to do

18

1    that.

2              **MR. MARTINEZ:**  Thank you, your Honor.

3              **MS. SMYTH:**  All right.

4              **MR. MARTINEZ:**  And then we'll submit something for

5    the Court.

6              **THE COURT:**  Okay.

7              **MR. MARTINEZ:**  Okay?

8              **THE COURT:**  Okay.  I do need to take a brief recess.

9    So we're done with this case?

10             **MS. SMYTH:**  Yes, your Honor.

11             **MR. MARTINEZ:**  Yes, your Honor, thank you.

12             **MS. SMYTH:**  Thank you.

13             **THE COURT:**  Okay.  The other case may be a while so

14   I'm going to take a brief recess.  All right.

15             **COURTROOM DEPUTY:**  All rise.

16        **(Proceeding was adjourned at 10:08 a.m.)**

17

18

19

20

21

22

23

24

25

19

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____                    August 30, 2016

              Signed                                     Dated



                    *TONI HUDSON, TRANSCRIBER*